JOSEFINA MAGRIZ RODRÍGUEZ y OTROS, querellantes, *v.* EMPRE-
SAS NATIVAS, INC., FORCE CONSTRUCTORS, S.E., ETC., quere-
llados, y DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
(D.A.Co.), peticionaria.

*Número:* CC-96-394          *Resuelto:* 12 de mayo de 1997

*Antonio M. Del Toro Sánchez*, abogado de la agencia peticionaria.

PER CURIAM: El 10 de abril de 1992, Josefina Magriz Rodríguez y Rafael del Río Ortiz (en adelante querellantes) presentaron al Departamento de Asuntos del Consumidor (en adelante D.A.Co.) una querella contra Empresas Nativas, Inc., Force Constructors, S.E. y General Accident Insurance Co. (en adelante compañías querelladas).(¹) En dicha acción señalaron, en síntesis, que mediante escritura de compraventa otorgada el 28 de febrero de 1991 adqui-

---

(¹) Empresas Nativas, Inc. fue la promotora o urbanizadora del proyecto Los Colobos Park, en Carolina, donde ubica la residencia de los querellantes. Force Constructors, S.E. fue la constructora de este proyecto y General Accident Insurance Co., la aseguradora que prestó la fianza para responder por los defectos de construcción.

rieron de la coquerellada Empresas Nativas, Inc. una residencia localizada en la urbanización Los Colobos Park en Carolina. Alegaron que la propiedad tenía varios defectos de construcción, tales como el fregadero y algunos accesorios del baño mohosos y azulejos rotos en el baño del cuarto principal. Con relación al piso de la propiedad, adujeron la existencia de humedad, losetas rotas, rayadas y sin pulir, y zócalos desnivelados también sin pulir. Conforme a lo anterior, solicitaron como remedio que se les corrigiera los defectos antes mencionados.

Luego de los trámites pertinentes, D.A.Co. celebró una vista el 2 de septiembre de 1993, donde las partes presentaron prueba en apoyo de sus respectivas posiciones. El 7 de marzo de 1995, D.A.Co. emitió y notificó una resolución mediante la cual desestimó la reclamación de los querellantes. Resolvió que no procedía la compensación y corrección de los defectos aducidos por éstos, ya que fueron transados por la suma de doscientos dólares ($200). Fundamentó su dictamen en un documento de relevo de responsabilidad supuestamente suscrito por las partes el 31 de diciembre de 1991, que dispuso claramente que los querellantes renunciaban a cualquier reclamación que pudieran tener en el tribunal de derecho o en la agencia pertinente contra el contratista, subcontratista o cualquier otra persona natural o jurídica.

Por su inconformidad con el dictamen, los querellantes presentaron oportunamente una moción de reconsideración el 27 de marzo de 1995. En la referida moción expusieron que D.A.Co. apoyó la desestimación de su querella en unas determinaciones de hecho y de derecho pertenecientes a otro caso. Específicamente, señalaron que D.A.Co. tuvo ante su consideración una querella distinta a la presentada por éstos. Por consiguiente, negaron contundentemente haber firmado el documento de relevo de responsabilidad a favor de las compañías querelladas y haber transado por la suma de doscientos dólares ($200) los de-

fectos de la residencia. Como consecuencia de lo antes expuesto, solicitaron a D.A.Co. que resolviera su reclamación utilizando el expediente correcto. La moción fue acogida oportunamente por la agencia mediante una orden emitida y notificada a las partes de epígrafe el 4 de abril de 1995.([2]) En esa misma orden se citó a las partes a una vista administrativa que había de celebrarse el 6 de junio de 1995.([3])

El 11 de abril de 1996, y tomando en consideración lo expresado por los querellantes, D.A.Co. notificó su decisión y dejó sin efecto la Resolución de 7 de marzo de 1995. Reconoció que la querella de Magriz Rodríguez y de Río Ortiz no había sido resuelta, ya que *por inadvertencia basó su determinación en hechos que pertenecían a otro caso ante su consideración.* No habiéndose resuelto el caso aún, ordenó la celebración de una vista el 6 de mayo de 1996 *para dilucidar la reclamación de los querellantes conforme a su expediente, o sea, para resolver por primera vez la querella de Magriz Rodríguez y del Río Ortiz.*

Contra la decisión de 11 de abril de 1996, la coquerellada Force Constructors, S.E. acudió al Tribunal de Circuito de Apelaciones, Circuito Regional I (en adelante Tribunal de Circuito), mediante un recurso de *certiorari.* En el referido escrito adujo, en síntesis, que a la fecha en la cual D.A.Co. emitió su decisión en reconsideración, que dejó sin efecto su Resolución de 7 de marzo de 1995, éste carecía de jurisdicción, ya que había transcurrido el término de no-

---

([2]) La moción de reconsideración de los querellantes fue acogida por la agencia dentro del plazo de quince (15) días dispuesto por la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2165), ley entonces vigente y aplicable al caso que nos ocupa.

([3]) Conforme a lo dispuesto en la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra,* el Departamento de Asuntos del Consumidor (D.A.Co.) advirtió a las partes que si dentro de los noventa (90) días siguientes a la presentación de la moción de reconsideración acogida para resolución, dejare de tomar alguna determinación, perdería jurisdicción sobre ésta y la parte afectada tendría treinta (30) días, a partir de la expiración de los noventa (90) días, para acudir en revisión judicial.

venta (90) días contados a partir de la fecha de la presentación de la moción de reconsideración, según dispone la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2165), ley entonces vigente y aplicable al caso que nos ocupa, para que la agencia adjudicara los méritos de la reconsideración interpuesta.[4]

Examinado el recurso a la luz de las disposiciones de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*, el 18 de junio de 1996 el Tribunal de Circuito emitió una resolución en la que resolvió que el dictamen recurrido que notificó la agencia el 11 de abril de 1996 fue emitido pasado un (1) año y siete (7) días contados a partir de la presentación de la reconsideración que dio base éste. Así, pues, concluyó que la agencia efectivamente carecía de jurisdicción para adjudicar los méritos de la moción de reconsideración presentada a la fecha en que emitió la decisión ahora recurrida.[5] Expresó, además, que era improcedente un re-

---

[4] La Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*, en lo pertinente, dispone, que "[s]i la agencia dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los noventa (90) días de haber sido radicada una moción acogida para resolución, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que el tribunal, por justa causa, autorice a la agencia una prórroga para resolver, por un tiempo razonable".

[5] En cuanto a este punto dispuso, en lo pertinente, lo siguiente:

"Examinado el recurso instado en el caso de epígrafe, se desprende del mismo que el Departamento de Asuntos del Consumidor, luego de emitir resolución el 7 de marzo de 1995 desestimando [sic] la querella instada por los aquí recurridos, a quienes advirtió del derecho que les asistía de solicitar reconsideración y posterior revisión judicial, con expresión de los términos correspondientes, acogió una moción de reconsideración que fue oportunamente presentada. Al así proceder emitió orden el 4 de abril de 1995 a tales efectos, en la que apercibió a los recurridos que conforme a lo dispuesto en la sec. 3.15 de la L.P.A.U., 3 L.P.R.A. sec. 2165, 'si transcurrieran más de noventa (90) días a partir de la fecha en que la parte querellante radicó su Moción de Reconsideración sin que se haya emitido una decisión en reconsideración, el Departamento perderá jurisdicción sobre este caso y el recurrente tendrá entonces treinta (30) días para acudir al Tribunal de Primera Instancia en revisión judicial'. Con el trasfondo antes expuesto y luego de la celebración de una vista en reconsideración efectuada el 6 de junio de 1995, ninguna decisión tomó el Departamento en

levo al amparo de lo dispuesto en la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, aplicable por analogía en los procedimientos administrativos, *Romero Santiago v. F.S.E.*, 125 D.P.R. 596, 602 (1990), ello por haber transcurrido en exceso el término de los seis (6) meses dispuesto a partir de que el dictamen de la agencia advino final. En virtud de lo anterior, ordenó a los querellantes a que mostraran causa por la cual no debía expedirse el auto solicitado para revocar la resolución recurrida.

Así las cosas, y ante la ausencia de oposición por parte de los querellantes, el Tribunal de Circuito adoptó por referencia los fundamentos de su resolución y el 28 de agosto de 1996 emitió una sentencia mediante la cual revocó la resolución recurrida de 11 de abril de 1996, dejando vigente el dictamen desestimatorio previo emitido por D.A.Co.

El 16 de septiembre de 1996 D.A.Co. presentó una moción de reconsideración para alegar que el Tribunal de Circuito dictó una sentencia sin tomar en consideración su posición, la cual sostuvo que había sometido mediante Moción en Respuesta a Orden el 22 de agosto de 1996.[6] Con su solicitud de reconsideración, D.A.Co. acompañó una copia de la referida moción en la que adujo, en síntesis, que no había perdido jurisdicción sobre el caso. Fundamentó su posición en el poder inherente que le asiste para revisar

cuanto a dicha moción dentro del referido término de noventa (90) días que tenía disponible para actuar. Consecuencia obligada, por expreso mandato de ley, es que perdió jurisdicción sobre la misma, comenzando entonces a decursar el término jurisdiccional de treinta (30) días para solicitar la revisión judicial del dictamen de la Agencia.

"Habiendo advenido final dicho dictamen adverso al no interponer los aquí recurridos el correspondiente recurso de revisión judicial en tiempo oportuno, carecía la Agencia de jurisdicción para emitir el dictamen ahora recurrido, lo que hizo el 11 de abril de 1996, es decir un (1) año siete (7) días luego de la presentación de la moción de reconsideración que dio base al mismo. Según ya indicado, mediante éste dejó sin efecto el dictamen desestimatorio que había emitido el 7 de marzo de 1995, para ordenar la celebración de una nueva vista." (Escolios omitidos.)

[6] De la resolución en reconsideración emitida por el Tribunal de Circuito surge que la Moción en Respuesta a Orden fue presentada por D.A.Co. el 29 de agosto de 1996.

sus decisiones bajo la Regla 38.3 del Reglamento de Procedimiento de Querellas Núm. 4012 de 23 de agosto de 1989, Departamento de Asuntos del Consumidor, pág. 22, adoptadas por D.A.Co.[7] y los pronunciamientos enunciados en *Romero Santiago v. F.S.E.*, supra, sobre la disponibilidad del mecanismo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, a los procesos administrativos.

El 23 de septiembre de 1996 el Tribunal de Circuito denegó la reconsideración interpuesta por los fundamentos expuestos en su Sentencia de 28 de agosto de 1996.

Inconforme con el dictamen, D.A.Co. acudió ante nos para alegar la comisión del error siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones al no considerar que un Tribunal (en este caso la Agencia) tiene poder para corregir los errores cometidos en sus sentencias.

## I

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*), fue promulgada con el fin de brindar a la ciudadanía servicios públicos de eficiencia, de alta calidad, con esmero y prontitud, bajo el resguardo de las garantías básicas del debido proceso de ley.[8] Conforme a este fin, se delegó a

---

[7] La Regla 38.3 del Reglamento de Procedimiento de Querellas Núm. 4012 de 23 de agosto de 1989, Departamento de Asuntos del Consumidor, pág. 22, disponía que:

"El Departamento podrá relevar a una parte o a su representante legal de una resolución, orden o procedimiento por las razones y bajo los términos señalados en la Regla 49.2 de Procedimiento Civil de 1979."

Este Reglamento fue sustituido por las Reglas de Procedimiento Adjudicativo, que entró en vigor el 23 de mayo de 1996.

[8] Véase la Exposición de Motivos de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 1988 Leyes de Puerto Rico 825.

A través de nuestra jurisprudencia hemos expresado el principio de que el debido proceso de ley ofrece protección contra la arbitrariedad administrativa, pero en modo alguno es un "molde rígido que prive de flexibilidad" a los organismos administrativos. *Rodríguez v. Tribunal Superior*, 104 D.P.R. 335, 340 (1975); *Henríquez v. Consejo Educación Superior*, 120 D.P.R. 194, 202 (1987). También hemos

diversas agencias administrativas poderes cuasijudiciales con el objetivo de hallar la verdad y hacer justicia a las partes, mediante un sistema adjudicativo económico, ágil y práctico que propicie su uso eficiente a personas legas. *López y otros v. Asoc. de Taxis de Cayey*, 142 D.P.R. 109 (1996).

Para garantizar el objetivo de hallar la verdad y hacer justicia a las partes, tanto la Sec. 3.1 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2151, como la jurisprudencia han establecido que al emitirse una resolución la agencia debe salvaguardar el derecho a la concesión de vista previa, a una notificación oportuna y adecuada, al derecho a ser oído, a confrontarse con los testigos, a presentar prueba oral y escrita en su favor, y a la presencia de un adjudicador imparcial. *Henríquez v. Consejo Educación Superior*, 120 D.P.R. 194, 202 (1987); *Ortiz Cruz v. Junta Hípica*, 101 D.P.R. 791, 795 (1973). La decisión administrativa ha de ser informada con conocimiento y comprensión de la evidencia pertinente al caso. *A.D.C.V.P. v. Tribunal Superior*, 101 D.P.R. 875, 883 (1974). Además, deben efectuarse determinaciones de hecho y consagrar los fundamentos para la decisión administrativa. *Rivera Santiago v. Srio. de Hacienda*, 119 D.P.R. 265, 274 (1987).

Por otro lado, es un principio fundamental en el derecho administrativo que la resolución u orden que emita la agencia debe estar basada exclusivamente en el expediente del caso en particular de que se trata. Véanse: Sec. 3.1(d) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2151(d); *López y otros v. Asoc. de Taxis de Cayey*, su-

---

reconocido que, aunque el derecho a un debido proceso de ley en el campo administrativo no tiene la rigidez que posee en la esfera penal, requiere un proceso·justo`y equitativo que garantice y respete la dignidad de los individuos afectados. Véanse: *López y otros v. Asoc. de Taxis de Cayey*, 142 D.P.R. 109 (1996); *López Vives v. Policía de P.R.*, 118 D.P.R. 219, 231 (1987); *A.D.C.V.P. v. Tribunal Superior*, 101 D.P.R. 875, 882 (1974).

pra; D. Fernández, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, Colombia, Ed. Forum, 1993, pág. 188.([9]) Es sólo cuando la determinación administrativa se fundamenta en el expediente del caso que ha de ser resuelto que se garantiza a las partes la oportunidad de refutar la corrección del dictamen de la agencia y la posterior revisión judicial. B. Schwartz, *Administrative Law*, 3ra ed., Boston, Ed. Little, Brown and Co., 1991, Sec. 7.13, pág. 397. Así pues, y cónsono con los argumentos esbozados, resulta razonable concluir que una resolución emitida sin observar el principio de la exclusividad del expediente del caso no puede prevalecer, ya que carece de efecto legal alguno. Esto no significa que el caso haya sido resuelto erróneamente; es que aún no ha sido resuelto. Por consiguiente, lo procedente en estas situaciones es pedirle a la agencia concernida que resuelva el caso, no que reconsidere su dictamen. Bajo estas circunstancias no son aplicables los términos de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra.*

■ Finalmente, es meritorio reseñar que un error administrativo no crea un estado de derecho que obligue a la agencia ni impida su corrección. Una parte no puede pretender ampararse en una actuación administrativa incorrecta o ilegal. *Director Of. Inspección Notarías v. Colón*, 131 D.P.R. 102 (1992); *Del Rey v. J.A.C.L.*, 107 D.P.R. 348, 355–356 (1978).

En armonía con todo lo antes expuesto, procedemos a evaluar si bajo las circunstancias particularísimas de este caso, el Tribunal de Circuito erró tanto al aplicar las disposiciones de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*, como al no permitirle a D.A.Co. atender un caso que todavía no ha resuelto. Veamos.

---

([9]) Véase, además, B. Schwartz, *Administrative Law*, 3ra ed., Boston, Ed. Little Brown and Co., 1991, Sec. 7.13, pág. 396.

## II

Como ya expresáramos, el 7 de marzo de 1995 D.A.Co. notificó a las partes de epígrafe una resolución desestimatoria basada en unas determinaciones de hecho y derecho pertenecientes a otro caso. Inconformes, los querellantes presentaron un documento que, aunque lo titularon moción de reconsideración, no cuestionaba los méritos de la decisión emitida. Era realmente una solicitud para que la agencia resolviera la reclamación que todavía se encontraba pendiente. El 11 de abril de 1996, y consciente de que la reclamación de los querellantes *nunca fue resuelta*, D.A.Co. decidió que procedía resolverla; además, dejó sin efecto su Resolución de 7 de marzo de 1995.

Posteriormente, y en atención a lo planteado por el co-querellado Force Constructors, S.E., el Tribunal de Circuito, amparándose en la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*, y *sin considerar el hecho de que el caso que tenía ante sí nunca había sido resuelto por la agencia*, emitió una sentencia mediante la cual desestimó la decisión de D.A.Co. de 11 de abril de 1996, dejando vigente la Resolución de 7 de marzo de 1995 y, en consecuencia, evitando que la agencia pudiese resolver un caso que aún tenía pendiente. El Tribunal de Circuito erró al así resolver.

■ Al caso de autos no le aplican los términos dispuestos por la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*. D.A.Co. nunca pasó juicio ni resolvió los méritos de la reclamación de los querellantes. La moción mediante la cual se solicitó que se resolviese esta reclamación, aunque erróneamente titulada Moción de Reconsideración, no podía tener el efecto de convertirla en una solicitud de reconsideración y así activar los términos de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Es-

tado Libre Asociado de Puerto Rico, *supra*. Sobre este particular hemos indicado que cualquier defecto "en la súplica del remedio, no será óbice para que el tribunal conceda el remedio que proceda de acuerdo con las alegaciones y la prueba". Regla 70 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Véase, además, *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61, 72 (1987). Además, "se debe tener presente que cuando de hacer justicia se trata ... no hay moldes técnicos que limiten o aprisionen los remedios justos". *Negrón Rivera y Bonilla, Ex parte*, supra, págs. 72–73. Cónsono con lo anterior, hemos reiterado la norma de "que son los hechos alegados y la prueba presentada, y no el título o súplica de la demanda, los que constituyen el fundamento determinante de la existencia de una causa de acción". *Granados v. Rodríguez Estrada I*, 124 D.P.R. 1, 46 (1989).

En vista a lo anterior, y conforme a los argumentos esbozados, procedía entonces que el Tribunal de Circuito devolviese el caso a la agencia para que ésta continuara con los procedimientos de la reclamación de los querellantes y resolviese a base de los hechos pertinentes a éste. A tenor de las circunstancias muy particulares de este caso, resolver de otra manera atentaría contra los conceptos más básicos de hacer justicia en los tribunales y desvanecería el fin último que tienen las agencias administrativas de brindar a la ciudadanía un procedimiento adjudicativo *que fomente el objetivo de hallar la verdad y, sobre todo, de hacer justicia a las partes que se someten a dicho procedimiento con base a los hechos pertinentes al caso.*

## III

Por los fundamentos expuestos en la anterior opinión *per curiam, se expide el auto de "certiorari" y se dictará sentencia revocando el dictamen de 28 de agosto de 1996 del Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan. Se ordena la devolución de este caso al De-*

*partamento de Asuntos del Consumidor para que resuelva
la reclamación de los querellantes conforme al expediente
de su caso.*