# 2009 DTA 112

### TRIBUNAL DE APELACIONES
### REGIÓN JUDICIAL DE SAN JUAN
### PANEL II

JUNTA DE LIBERTAD BAJO PALABRA
Recurrida

v.

DOMINGO GRAJALES CARDONA
Recurrente

Núm. KLRA-09-00419

San Juan, Puerto Rico, a 10 de agosto de 2009

Panel integrado por su Presidenta, la Juez García García,
y las Juezas Coll Martí y Varona Méndez

Coll Martí, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Ha acudido mediante recurso de Revisión Administrativa el Sr. Domingo Grajales Cardona y nos solicita que revoquemos una Resolución de la Junta de Libertad bajo Palabra que le ordenó anotarse en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, luego de haber extinguido una sentencia de 20 años por el delito de violación.

REVOCAMOS la Resolución recurrida por los fundamentos que exponemos más adelante.

### I

La controversia que motiva esta Revisión se remonta al 22 de julio de 2005 cuando el recurrente, el Sr. Domingo Grajales Cardona, se benefició del privilegio concedido por la Junta de Libertad bajo Palabra. El 26 de agosto de 2005, la Junta emitió una Resolución en la que indicaba que el recurrente cumple una sentencia de sesenta y dos (62) años por "infracción al Artículo 173 (Robo), Violación y Artículo 6 y 8 de la Ley de Armas" y que actualmente se encuentra en Libertad bajo Palabra, la cual se espera finalice en abril de 2015.

Luego de evaluar el expediente, la Junta determinó citar a una "Vista de Modificación de Mandato" a los fines de incluir en dicho Mandato, como condición especial, que el liberado deberá inscribirse en el Registro de personas convictas por delitos sexuales, tal como se establece en la Ley 266 de 9 de septiembre de 2004. El 13 de octubre de 2005 se celebró la vista y la Junta determinó que se requiere que se expida el "Mandato Enmendado" para incluir la anteriormente mencionada condición.

De otra parte, el 20 de octubre de 2005, el Sr. Rubén Agudo González, Técnico de Récord Penal III de la Administración de Corrección, Instituto Correccional Guerrero, emitió una certificación especificando que Grajales Cardona cumplió su sentencia de veinte (20) años por violación (#G-79-249) el día 15 de abril de 1992, esto es, doce años antes de la aprobación de la Ley 266 de 9 de septiembre de 2004, de aplicación prospectiva. Dicho documento fue enviado por facsímil ese mismo día a la Sra. Lizzette Tañón, miembro asociado de la Junta.

Luego la Junta emitió una Orden de Arresto en contra del recurrente por incumplir las Condiciones Núm. 8, 11, 12 y 15 de su Mandato de Libertad bajo Palabra. Tras varios planteamientos procesales, la Junta determinó ordenar la excarcelación del recurrente y el cierre y archivo de la Querella 06-157. La Junta se reiteró en su posición y ordenó que se añadiera al Mandato la Condición 19 para la anotación en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores.

Así las cosas, el recurrente se presentó en el Cuartel de la Policía de Humacao a fin de cumplir con lo requerido por la Junta y ser inscrito en el Registro. En el cuartel le indicaron que, debido a la fecha de los hechos, no se tenía que inscribir y, por tanto, no le permitieron inscribir su nombre en el Registro. No obstante, la Junta le ordenó al recurrente que regresara al cuartel con la evidencia de la Sentencia por la cual cumple e intentara nuevamente inscribirse.

El recurrente presentó en la Secretaría de la Junta una Moción Solicitando Enmienda al Mandato de 3 de agosto de 2008 y argumentó que procedía que se eliminara del Mandato del caso de epígrafe la condición número 19 que obliga al recurrente a inscribirse en el Registro de Ofensores Sexuales.

La Junta de Libertad bajo Palabra determinó que no procedía ordenar que la condición número diecinueve (19) impuesta en el Mandato de Libertad bajo Palabra se dejara sin efecto. Fundamentó su decisión, en síntesis, en que el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores no tiene la intención de ser uno punitivo al ofensor sexual; y en que la Junta tiene "amplia discreción" para imponer al liberado, así como cambiar y modificar, todas y cada una de las condiciones que estime necesarias y convenientes para conceder el beneficio de la libertad bajo palabra, el cual recalca, es un privilegio y no un derecho.

Inconforme, alega el recurrente que lo anterior está en contravención a lo dispuesto en las secciones 1505 de la Ley Orgánica de la Junta de Libertad bajo Palabra, 4 L.P.R.A. § 1505; en las secciones 16.4; 16.5; 16.7; 16.9; 18.2 a la 18.4, y los artículos 19, 20, 21 y 22 de su propio Reglamento; al debido proceso de ley y a la prohibición de la aplicación de leyes *ex post facto,* ambas consagradas en nuestra Constitución; y al principio de legalidad dispuesto en el Artículo 2 del Nuevo Código Penal, 33 L.P.R.A. § 4630. Además, sin que de las determinaciones de hechos o conclusiones de derecho surjan fundamentos que justifiquen tal actuación administrativa, la misma constituye un claro abuso de discreción. Veamos.

## II

### A. Debido proceso de ley

La Constitución del Estado Libre Asociado reconoce como derecho fundamental del ser humano el derecho a la vida, la libertad y el disfrute de la propiedad. Artículo II, § 7, Const. E.L.A.; 1 L.P.R.A. § 7. Ante esa importante deferencia, también dispone que ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley. *Garriga Villanueva v. Municipio de San Juan,* **2009 J.T.S. 106**, a la pág. 16. Similar reconocimiento, sobre la existencia del debido proceso de ley, se encuentra en la Enmienda V y XIV de la Constitución de Estados Unidos. *Hernández v. Secretario,* 164 D.P.R. 390 (2005), a la pág. 394.

El debido proceso de ley tiene dos manifestaciones: (1) la sustantiva, y (2) la procesal. En su modalidad sustantiva persigue proteger y salvaguardar los derechos fundamentales de la persona. *San Gerónimo Caribe Project, Inc. v. Administración de Reglamentos y Permisos,* **2008 J.T.S. 150**, a la pág. 20; *Rodríguez v. E.L.A,* 130 D.P.R. 562, 576 (1992). Mientras, en su vertiente procesal posibilita que el Estado al ejercer su poder contra una persona le garantice el derecho a un procedimiento imparcial y justo, en donde el individuo pueda cuestionar las razones y legalidad de la acción. *Martí Soler v. Gallardo Álvarez,* **2007 J.T.S. 11**, a la pág. 7; *Hernández González v. Srio de Transportación y Obras Públicas, supra; Almonte et al. v. Brito,* 156 D.P.R. 475, 481 (2002). Para que se active la protección que ofrece este derecho, en la modalidad procesal, tienen que estar presentes dos consideraciones: (1) un interés de libertad o propiedad, y (2) determinar cuál es el proceso debido. *Partido Acción Civil v. E.L.A.,* 150 D.P.R. 359, 376 (2000). Si no se identifica ese derecho libertario o de propiedad, el Estado no está obligado a conceder un debido proceso de ley.

La ley orgánica de la Junta de Libertad bajo Palabra dispone un procedimiento con unas garantías particulares para cumplir con el debido proceso de ley al privar o restringir las condiciones bajo las cuales un individuo disfruta del privilegio de libertad bajo palabra que le cobija a la hora de determinar la concesión o la revocación del privilegio, 4 L.P.R.A. §§ 1503 y 1505. En su Reglamento, la Junta ha reconocido unos derechos que amparan al liberado y ha delimitado el alcance de la Vista Sumaria Inicial y la Vista Final de Revocación, Reglamento de la Junta de Libertad bajo Palabra, sección 8.4; sección 16.4; y secciones 17.1-17.2.

El debido proceso de ley debe extenderse a procesos en los cuales se persigue revocar o enmendar las condiciones bajo las cuales se confiere un privilegio a una persona en virtud de una ley. Así, una vez una

agencia u organismo administrativo adopta una regla para conceder, revocar o condicionar un privilegio, viene obligada a respetarla y a observar su estricto cumplimiento como consecuencia del derecho constitucional al debido proceso de ley. Es menester puntualizar que el Tribunal Supremo de Puerto Rico ha reconocido como principio rector que aunque "...el derecho a un debido proceso de ley en el ámbito administrativo no tiene la rigidez que posee en la esfera penal, sí requiere un proceso justo y equitativo que garantice y que también respete la dignidad de los individuos afectados." *Torres Acosta v. Junta Examinadora de Ingenieros*, 161 D.P. R. 696, 716-717 (2004); *Magriz v. Empresas Nativas*, 143 D.P.R. 63, 70 (1997).

## B. Abuso de Discreción Administrativa

El Tribunal Supremo de Puerto Rico ha resuelto: "...como normativa de derecho administrativo, una vez una agencia ha promulgado unos reglamentos para facilitar su proceso decisional y limitar el alcance de su discreción, viene obligada a observarlos estrictamente y no queda a su soberana voluntad reconocer o no los derechos que ella misma le ha extendido a sus empleados." *Pueblo v. Figueroa Agosto*, **2007 J.T.S. 99**, a la pág. 10; *García Cabán v. U.P.R.*, 120 D.P.R. 167, 175 (1987).

Contravenir este deber representaría un claro abuso de discreción. El Tribunal Supremo de Puerto Rico ha expresado: "Discreción, en términos jurídicos, constituye una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar de una forma u otra, haciendo abstracción del resto del Derecho, porque ello constituiría un abuso de discreción." *Torres Acosta v. Junta Examinadora de Ingenieros, supra,* a la pág. 715.

Las agencias administrativas merecen la deferencia de los tribunales. Sin embargo, los tribunales pueden revocar la determinación de una agencia y sustituir su criterio si dicha agencia ha actuado de forma ilegal, arbitraria o caprichosa de manera que su decisión constituya un abuso de discreción. *Hatillo Cash & Carry e Isidro Rosa v. Administración de Reglamentos y Permisos*, **2008 J.T.S. 117**, a la pág. 20.

## C. Principio de Legalidad

El Artículo 2 del Nuevo Código Penal, Ley Núm. 149 de 18 de junio de 2004, según enmendada, 33 L.P.R.A. § 4630, expresa que:

"No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos."

El principio de legalidad, como se sabe, se basa en el aforismo "*nullum crimen, nulla poena sine lege*" y está recogido en el Artículo 8 del Código Penal de 1974, correspondiente al Artículo 2 del Nuevo Código Penal, *supra. Pueblo v. González Vega*, 147 D.P.R. 692, 700 (1999); *Pueblo v. Figueroa Garriga*, 140 D.P.R. 225, 231 (1996).

Este principio contiene una doble garantía: la garantía criminal *"nullum crimen sine praevia lege poenali"* que protege al individuo de no ser castigado más que por los hechos previamente definidos por ley como delitos, y la garantía penal *"nulla poena sine praevia lege"* que le asegura no ser sancionado, sino con las penas o medidas de seguridad previamente establecidas por ley. Dora Nevares Muñiz, *Derecho Penal Puertorriqueño. Parte General*, Quinta Ed. Revisada, Instituto para el Desarrollo del Derecho, Inc., 2005, pág. 76.

En el contexto de las leyes penales, conforme a este principio, el debido proceso de ley exige, como condición para su validez, que los estatutos sean claros y precisos. *Pueblo v. Ruiz Martínez*, 159 D.P.R. 194, 210-211 (2003); *Pueblo v. Ríos Dávila*, 143 D.P.R. 687, 696-97 (1997).

En virtud del principio de legalidad, la interpretación de los estatutos penales debe hacerse de manera restrictiva en cuanto perjudica al acusado y liberalmente en cuanto lo favorece. *Pueblo v. Figueroa Pomales,* **2007 J.T.S. 179**, a la pág. 7 de la Opinión disidente; *Pueblo v. Negrón Calderón,* 157 D.P.R. 413, 423 (2002); *Pueblo v. Figueroa Santana,* 154 D.P.R. 717, 725 (2001).

Tal principio constituye una limitación de índole estatutaria al poder punitivo del Estado. Luis Ernesto Chiesa Aponte, *Derecho Penal Sustantivo,* Primera Ed.; **Publicaciones JTS,** Puerto Rico, 2007, pág. 42. *Pueblo v. Figueroa Pomales, supra,* a la pág. 10 de la Opinión mayoritaria.

El estatuto penal debe ser lo suficientemente explícito para notificar de antemano cuál conducta será susceptible de ser castigada. Esto es, la ley no puede estar redactada de tal forma que un individuo de inteligencia común esté obligado a adivinar su significado; ello violaría el debido proceso de ley. La ley debe prevenir a los ciudadanos de la conducta prohibida. *Pueblo v. Ríos Dávila, supra,* a las págs. 697-698. La conducta prohibida debe quedar tan clara y diáfanamente descrita que una persona común y corriente, que carezca de conocimientos legales, pueda comprender razonablemente lo que se prohíbe.

Sin embargo, el principio de legalidad no requiere una enumeración exhaustiva de todos los elementos que configuren el delito; cierto grado de generalización es permisible. Lo determinante es que el ciudadano común pueda conocer lo que está prohibido y permitido por la ley penal. El propósito de la ley penal no es atrapar al incauto, sino prevenir a los ciudadanos de las conductas que ella prohíbe. *Pueblo v. Ríos Dávila, supra,* a la pág. 704.

En cuanto al ámbito de su aplicación estricta, el principio de legalidad funciona como un mandato a favor de la interpretación restrictiva de la ley penal en aras de evitar que el juzgador sobreponga su criterio a la voluntad del Legislador. Como consecuencia práctica, un tribunal no tiene la facultad para añadir elementos a un delito tipificado por la Asamblea Legislativa ni para introducir limitaciones o restricciones no contempladas por el Legislador. *Pueblo v. APS Healthcare of Puerto Rico, Inc.,* **2009 J.T.S. 14**, a la pág. 25; *Pueblo v. Ramos Rivas,* **2007 J.T.S. 144**, a la pág. 16; *Pueblo v. Martínez Yanzaris,* 142 D.P.R. 871, 877 (1997).

## D. Leyes *Ex Post Facto*

La prohibición constitucional contra las leyes *ex post facto* emana del artículo II, sección 12, de la Constitución del Estado Libre Asociado de Puerto Rico, 1 L.P.R.A., Artículo II, § 12, que dispone, en lo pertinente, que "[n]o se aprobarán leyes *ex post facto*....". ("Después de los hechos"). Este mandato constitucional prohíbe la aplicación retroactiva de una ley que agrava para el acusado su relación con el delito, la oportunidad de defenderse y la forma de cumplir una sentencia o su extensión. Es decir, la prohibición se refiere a que las leyes penales que perjudiquen al acusado no pueden aplicarse de forma retroactiva. Véase, E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Ed. Forum, 1992, Vol. II, § 19.1, págs. 545-549.

Como garantía constitucional persigue la consecución de dos objetivos fundamentales: primero, se intenta garantizar que los ciudadanos tengan un aviso adecuado acerca de la conducta prohibida mediante las leyes penales, y segundo, se intenta evitar la aplicación arbitraria y vengativa de los estatutos criminales. Luis Ernesto Chiesa Aponte, *Derecho Penal Sustantivo, supra,* pág. 20.

Para determinar si una ley es retroactiva, hay que considerar el momento en que se cometió el delito y el momento de la vigencia de la ley en cuestión. Dicta el Artículo 21 del Nuevo Código Penal de Puerto Rico, 33 L.P.R.A. § 4649, que el delito se considera cometido en el momento en que se ejecuta la acción o en el momento en que debió ejecutarse la acción omitida o en el momento en que se produjo el resultado delictivo. Para determinar si la ley es perjudicial al imputado, acusado o convicto, se consideran sus circunstancias bajo la

ley anterior y la posterior, con miras a establecer si predomina el perjuicio o, por el contrario, si existen beneficios. E. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos, supra*, a la pág. 549.

En el pasado, nuestro Tribunal Supremo ha resuelto que existen cuatro categorías de leyes que, de aplicarse retroactivamente, se infringiría la prohibición de leyes *ex post facto*; a saber: (1) leyes que consideran criminal y que castigan un acto que, al ser realizado, no constituía delito; (2) leyes que agravan un delito o lo hacen mayor de lo que era al momento de cometerse; (3) leyes que alteran el castigo y que imponen una pena mayor que la fijada al delito al momento de cometerse, y (4) leyes que alteran las reglas de evidencia y que exigen menos prueba o prueba distinta a la exigida por la ley al momento de la comisión del delito para castigar al acusado. *González Fuentes, et al v. Administración de Corrección,* **2006 J.T.S. 53**, a las páginas 5-7; *Pueblo v. Candelario,* 116 D.P.R. 118 (2005), Opinión de conformidad, Juez Presidente Hernández Denton, Jueza Asociada Rodríguez, a las págs. 121-126; *Pueblo en el interés del menor F.R.F,* 133 D.P.R. 172, 179-180 (1993); *Fernández v. Rivera,* 70 D.P.R. 900, 903 (1949).

El efecto combinado de las primeras tres categorías es que se prohíbe la aplicación retroactiva de leyes que criminalizan una conducta que no era delito al momento de los hechos, eliminan una defensa sustantiva del acusado que estaba disponible al momento de la comisión de los hechos y agravan la pena o las consecuencias penales de un acto con posterioridad a su comisión. *Pueblo v. Candelario, supra.*

Así, pues, la esencia de la protección contra la aplicación *ex post facto* de la ley penal se refiere a la ley penal sustantiva: delito, pena y medidas de seguridad. E. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos, supra,* a la pág. 400. Además, esta protección se ha extendido también a aquellas leyes procesales que afectan derechos sustantivos del acusado. *Pueblo en el interés del menor F.R.F, supra.*

De otra parte, es preciso aclarar que esta disposición se activa únicamente cuando el estatuto que se pretende aplicar retroactivamente es desfavorable al acusado en comparación con la ley que estaba en vigencia cuando se cometió la ofensa. "Es decir, para que un estatuto contravenga la cláusula contra leyes *ex post facto* es necesario que el mismo sea de aplicación retroactiva y, además, que sea más oneroso para el imputado que el vigente a la fecha en que se cometió la ofensa." En la determinación de si una ley penal es más onerosa que la vigente al momento de la comisión de los hechos, es necesario examinar si la nueva ley tiene el efecto de alargar el término de reclusión a ser cumplido por el sujeto. *González Fuentes, et al v. Administración de Corrección, supra.*

A esos efectos, se ha determinado que una ley *ex post facto* es cualquier ley que elimina retroactivamente bonificaciones por buen comportamiento que estaban vigentes en el momento en que el acusado realiza la conducta delictiva, así como una ley que elimina a cierto grupo de convictos la posibilidad de ser elegibles para la concesión de libertad bajo palabra o bajo supervisión electrónica. "Ello se debe a que la eliminación retroactiva de esos beneficios tiene el potencial de alargar el término de reclusión a cumplirse por el convicto." *González Fuentes, et al v. Administración de Corrección, supra.*

### E. Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores

La Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 266 del 9 de septiembre de 2004, 4 L.P.R.A. § 536 *et seq.*; así pues, el Artículo 3(a) (b) y (c) de dicha ley, 4 L.P.R.A. §§ 536(a) (b) y (c), disponen lo siguiente:

"Se crea un Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores en el Sistema de Información de Justicia Criminal. Serán registradas en el mismo:

(a) Las personas que resulten convictas por alguno de los siguientes delitos o su tentativa: violación,

seducción, sodomía, actos lascivos o impúdicos; proxenetismo, rufianismo o comercio de personas cuando la víctima fuere menor de dieciocho (18) años y el delito agravado; delito contra la protección a menores, incesto, restricción de libertad cuando la víctima fuere menor de dieciséis (16) años y no fuere su hijo, secuestro cuando la víctima fuere menor de dieciocho (18) años y no fuere su hijo, robo de menores, perversión de menores cuando se admitiere o retuviere a un menor de dieciocho (18) años en una casa de prostitución o sodomía; maltrato agravado de un menor y agresión sexual conyugal, comprendidos en los Artículos 99, 101, 103, 105, 110(a) y (c) y 111, 115, 122, 131(e), 137-A(a), 160 y 163(e) de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, y en las secs. 632(g) y 635 del Título 8, y el delito de maltrato a menores establecido en las secs. 447u y 447v del Título 8, respectivamente.

(b) Las personas que hayan sido o sean convictas por delitos similares a los enumerados en esta sección por un tribunal federal, estatal o militar que se trasladen a Puerto Rico para establecer su domicilio, o que por razón de trabajo o estudio se encuentren en Puerto Rico, aunque su intención no sea la de establecer domicilio en la Isla.

(c) Las personas que al momento de la aprobación de esta ley se encuentren recluidas o participando de algún programa de desvío de la Administración de Corrección por la comisión de alguno de los delitos enumerados en esta sección y aquellas personas a las que se le revoque su libertad por el incumplimiento de alguna condición."

Ahora bien, el inciso (d) del Artículo 3 de esta ley, 4 L.P.R.A. § 536(d), contiene una cláusula de exclusión que establece:

"Quedarán registradas las personas que al momento de la aprobación de esta ley, tenían la obligación de registrarse bajo la Ley Núm. 28 de 1 de julio de 1997, según enmendada. Asimismo, no tendrán la obligación de registrarse las personas que, al momento de aprobarse esta ley, hayan extinguido la pena impuesta por la comisión de alguno de los delitos enumerados en esta sección."

## III

En el caso ante nos, como parte de las condiciones impuestas para que el recurrente continuara disfrutando del privilegio de libertad bajo palabra, se incluyó la obligación de inscribir su nombre y dirección en el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores, conforme la Ley Núm. 266 del 9 de septiembre de 2004. El Artículo 3(d) de dicho estatuto dispone que no tendrán la obligación de registrarse las personas que, al momento de la aprobación del mismo, hayan extinguido la pena impuesta por la comisión de alguno de los delitos enumerados en ese Artículo.

El único delito de índole sexual por el cual el recurrente ha sido procesado es el Núm. G-79-249 (Violación) y, según la certificación emitida por el Departamento de Corrección y Rehabilitación, la sentencia por dicho delito se extinguió desde el 15 de abril de 1992. No se le puede exigir al recurrente que se inscriba en el Registro en vista de que al momento de la aprobación del mismo, esto es el 9 de septiembre de 2004, éste ya había extinguido la sentencia por el delito de violación. Aplicar retroactivamente una ley penal contra un acusado violenta las disposiciones constitucionales del debido proceso de ley y la prohibición contra leyes *ex post facto*, así como el principio de legalidad dispuesto en el Artículo 2 del Código Penal.

Como puede apreciarse, el texto claro de la ley establece, sin lugar a dudas, que el recurrente no tiene la obligación de registrarse en el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores. Ello, por razón de que, según surge del expediente de la Junta, el recurrente extinguió su sentencia de veinte (20) años por infracción al delito de violación. Es decir, el recurrente extinguió la pena impuesta por la comisión del delito de violación doce (12) años antes de la aprobación de la ley que crea el Registro.

Por mandato expreso de la ley, su aplicación es prospectiva. El lenguaje claro y preciso de este estatuto revela la intención legislativa a los fines de requerir que sean registradas únicamente las personas que no han extinguido la pena impuesta al momento de su aprobación.

Aun cuando la Ley de Registros no persigue adelantar un fin punitivo, su implantación ciertamente agrava las consecuencias penales del delito de violación con posterioridad no sólo a su comisión, sino a la extinción de su sentencia. Es incuestionable que la Ley de Registros al ser aplicada al recurrente resulta ex *post facto,* por razón de que ésta opera en su detrimento y altera perjudicialmente su situación al condicionar aún más su interés libertario.

Concluimos que al restringir el privilegio sin garantizarle el debido proceso de ley al recurrente e intentar imponer una condición que la Asamblea Legislativa expresamente descartó, la Junta de Libertad bajo Palabra incurrió en un claro abuso de discreción, ignorando las pautas trazadas por el Legislador y nuestra Constitución.

## IV

Por los fundamentos antes expuestos, REVOCAMOS la Resolución de la Junta de Libertad bajo Palabra que ordenó al recurrente anotarse en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores.

Lo acuerda y manda este Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones