TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Mangual’s Office Cleaning Services, Inc., en adelante Mangual’s Office o el recurrente, y solicita que revisemos una Resolución emitida por el Departamento del Trabajo y Recursos Humanos, Oficina de Mediación y Adjudicación, en adelante O.M.A. En la misma, esta última le anota la rebeldía al recurrente y le ordena pagar $4,358.26 por concepto de mesada a Rafael A. Alvarez, en adelante el señor Alvarez o el recurrido.
Por los fundamentos que expondremos a continuación, se revoca la Resolución impugnada.
I
El 19 de septiembre de 2005, el señor Alvarez presentó una querella ante el Negociado de Normas de Trabajo del Departamento del Trabajo y Recursos Humanos. En la misma alega que Mangual's Office lo despidió injustificadamente de su empleo en contravención con las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976. [1]
*985 Como resultado de lo anterior, el Departamento del Trabajo efectuó una investigación que incluyó entrevistas a las partes y visitas a la oficina del recurrente. Luego de concluir la investigación, el Departamento del Trabajo sometió un informe en el que recomienda que se declare no ha lugar la reclamación y que se archive la querella presentada por el recurrido. [2]
No obstante lo anterior, la supervisora de la investigadora rechazó la recomendación y cursó una carta de cobro a Mangualas Office en la que se reclamaba el importe de la mesada. [3] Con dicha carta se acompañó una copia de la querella núm. AC-07-413, radicada el 29 de enero de 2007 ante la O.M.A.
El 29 de septiembre de 2007, la O.M.A. le envió al recurrido una Notificación de Vista Administrativa. Específicamente, la misma dispone:
“Los procedimientos de las vistas ante la OMA se rigen por las disposiciones de la Regla 5.16 del Reglamento de Normas y Procedimientos de la OMA.
Las partes podrán comparecer a la vista administrativa por derecho propio o representadas por abogado. En los casos de corporaciones y sociedades deberá comparecer un oficial, director o socio con capacidad para representar a la compañía o sociedad y así lo acreditará.
La parte contra quien se radicó la querella presentará la contestación a la misma, dentro de los diez (10) días siguientes a su recibo; en caso de no hacerlo, la OMA, podrá dictar resolución u orden concediendo el remedio solicitado sin más citarle ni oírle. [4] (Énfasis suplido)
El 4 de octubre de 2007, dentro del término establecido en la notificación, el señor Femando García, Director de Operaciones de Mangual’s Office, contestó la querella. En dicha contestación negó las alegaciones del recurrido y acompañó evidencia documental en apoyo de su contención. [5]
Oportunamente, O.M.A. emitió una Resolución interlocutoria en la que acoge la contestación a la querella, y ordena a las partes a que se notificaran mutuamente cualquier escrito o cualquier pieza de evidencia documental pertinente, según lo establece la Regla 5.24 del Reglamento de la O.M.A. [6]
Luego de haberse cancelado en varias ocasiones, el 4 de agosto de 2008 se celebró la vista administrativa. A la misma comparecieron representantes de ambas partes y se presentó prueba documental y testifical. Además, se estipuló pmeba pertinente a la reclamación. Por la parte recurrente compareció el señor Fernando García, quien acreditó mediante Resolución Corporativa su capacidad representativa.
Al amparo de la doctrina establecida por Benito Muñoz, Inc. v. Productora Puertorriqueña de Alimentos, Inc., 109 D.P.R. 825 (1980), la Jueza Administrativa concluyó que la comparecencia de Mangualas Office mediante un oficial corporativo es nula, ya que valida el ejercicio de la profesión de abogado por una persona no autorizada para ello. Por tal razón, para cumplir con la norma de que las corporaciones tienen que comparecer a los procedimientos adjudicativos ante los tribunales representadas por abogados, el juzgador de hechos se abstuvo de emitir una resolución y orden y en cambio señaló la celebración de una nueva vista administrativa, de modo que la recurrida compareciese mediante representación legal.
El 23 de junio de 2009, O.M.A. nuevamente procedió a notificar la celebración de una vista administrativa. Por su parte, el 4 de agosto siguiente, ante estos nuevos eventos, el recurrido presentó una moción para que conforme a la Regla 5.6 del Reglamento de O.M.A. se anotara la rebeldía al recurrente. [7]
Mangual's Office se opuso a la misma alegando que el 4 de octubre de 2007, mediante su representante corporativo, ya había contestado la querella. No obstante lo anterior, el recurrente solicitó mediante su abogado, *986 que se adoptara la contestación previamente mencionada.
La Jueza Administrativa acogió la petición de MaguaLs Office y dejó sin efecto la anotación de rebeldía y señaló una nueva fecha para la celebración de la vista administrativa.
Después de una nueva solicitud de reconsideración de O.M.A., y la oposición correspondiente de ManguaLs Office, la Jueza Administrativa se retractó de su decisión anterior y le anotó la rebeldía a la recurrente. Argumentó que la comparecencia del abogado de ManguaLs Office acogiendo la contestación de la querella del 4 de octubre de 2007 fue tardía, y que en su defecto, la contestación original fue nula ab initio, ya que fue suscrita por un oficial de la corporación y no por su abogado.
De conformidad con lo anterior, la O.M.A. le anotó la rebeldía al recurrente, declaró que el despido fue injustificado y le ordenó el pago de $4,358.26 por concepto de mesada del señor Alvarez. Se basó fundamentalmente en el siguiente razonamiento:
“... La contestación a la querella presentada por el Director de Operaciones era nula ab initio y que la deficiencia a subsanar no era sólo la comparecencia a la vista, sino, además, la contestación a la querella. Además, la validez jurídica que pretendió impartirle el abogado a la carta suscrita por el Director de Operaciones fue tardía, por lo cual tampoco podía acogerse. Debido a que el estado de derecho no permite que personas que no son abogados puedan representar a otra persona, natural o jurídica, ante los tribunales, la OMA no aceptó la carta del Director de Operaciones como la contestación a la querella de la corporación querellada. Señalo que ‘aceptar esa contestación implicaría legitimar la práctica ilegal de la profesión de abogado a una persona lega que no está autorizada por el Tribunal Supremo de Puerto Rico a ejercer la profesión.’” [8]
Inconforme con tal determinación, ManguaLs Office acude ante nos y plantea la comisión de los siguientes errores:
“1. Erró el foro administrativo al hallar [sic] querellado-recurrente, Mangual’s Office Clearing Services, Inc., en rebeldía, privándole de su debido proceso de ley.
2. Erró el foro administrativo al resolver a favor del querellante en los méritos del caso.”
n
A
La revisión judicial de las decisiones administrativas tiene como objetivo delimitar la discreción de las agencias gubernamentales y asegurarse que éstas llevan a cabo sus funciones conforme a la ley. Hernández, Álvarez v. Centro Unido, 168 D.P.R. 592, 616 (2006); Torres v. Junta de Ingenieros, 161 D.P.R. 696, 707 (2004); Miranda v. C.E.E, 141 D.P.R. 775, 786 (1996).
Es norma jurídica firmemente establecida que las decisiones de los organismos administrativos merecen la mayor deferencia judicial. Son los organismos administrativos los que cuentan con el conocimiento experto y experiencia especializada para atender los asuntos que le son encomendados. Hernández, Alvarez v. Centro Unido, supra; Martínez v. Rosado, 165 DPR 582, 589 (2005); P.C.M.E. v. J.C.A., 166 DPR 599, 615 (2005). Por esta razón, tanto los procesos administrativos como las determinaciones de hechos de las agencias están cobijados por una presunción de regularidad y corrección. Vélez v. A.R.P.E., 167 D.P.R. 684, 693 (2006).
Sin embargo, las conclusiones de derecho en las determinaciones finales de las agencias administrativas son revisables por los tribunales en todos sus aspectos. 3 L.P.R.A. sees. 2171 y 2175; Hernández, Álvarez v. Centro Unido, supra, a la pág. 615; O.E.G. v. Román, 159 D.P.R. 401 (2003).
*987 De conformidad con la Ley de Procedimiento Administrativo Uniforme, en adelante L.P.A.U, en un procedimiento cuasi adjudicativo, la agencia debe salvaguardar a las partes: el derecho a la notificación oportuna de los cargos o querellas o reclamos en contra de una parte; el derecho a presentar evidencia; el derecho a una adjudicación imparcial; y el derecho a que la decisión esté basada en el expediente. Ramírez Ferrer v. Policía de Puerto Rico, 158 D.P.R 320 (2002).
En Magriz Rodríguez v. Empresas Nativas, Inc. y otros, 143 D.P.R. 63 (1997), interpretando la Sección 3.1 de la L.P.A.U., según enmendada, supra, el Tribunal Supremo señaló lo siguiente:
“Para garantizar el objetivo de hallar la verdad y hacer justicia a las partes, tanto la Ley de Procedimiento Administrativo Uniforme, (3 L.P.R.A. see. 2151), como la jurisprudencia, han establecido que al emitirse una resolución la agencia debe salvaguardar el derecho a la concesión de vista previa, oportuna y adecuada notificación, derecho a ser oído, confrontarse con los testigos, presentar prueba oral y escrita en su favor, y la presencia de un adjudicador imparcial. La decisión administrativa ha de ser informada con conocimiento y comprensión de la evidencia pertinente al caso. Además, deben efectuarse determinaciones de hechos y consagrar los fundamentos para la decisión administrativa. (Énfasis suplido)
Por otro lado, la norma de deferencia judicial a las decisiones administrativas, no equivale a la renuncia de la función revisora del Tribunal en instancias apropiadas y meritorias, como resulta ser cuando el organismo administrativo ha errado en la aplicación de la ley.” Marina Costa Azul v. Comisión, 170 D.P.R. _(2007), 2007 J.T.S. 83; Reyes Salcedo v. Policía, 143 D.P.R. 85, 95 (1997). (Énfasis suplido).
De la misma manera, la deferencia judicial al expertise administrativo cede ante una actuación irrazonable o ilegal, Otero v. Toyota, supra; Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 D.P.R. 70, 75 (2000), o cuando la interpretación de la agencia produce resultados inconsistentes o contrarios al propósito del estatuto interpretado y a su política pública. Mun. de San Juan v. JCA, supra, a la pág. 280. (Énfasis suplido). A tales efectos, nuestro más alto foro judicial ha expresado que “cuando la interpretación del estatuto que hace la agencia produzca resultados incompatibles o contrarios al propósito de la ley, o afecte sustancialmente derechos fundamentales, el criterio administrativo claramente no podrá prevalecer.” Assoc. Ins. Agencies, Inc. v. Com. Seg. de PR, 144 D.P.R. 425, 436 (1997. (Énfasis suplido)
En tomo a la representación legal de las partes en los procedimientos administrativos, la sección 3.9 de L.P. A.U. establece:
“La agencia notificará por escrito a todas las partes o a sus representantes autorizados e interventores la fecha, hora y lugar en que se celebrará la vista adjudicativa. La notificación se deberá efectuar por correo o personalmente con no menos de quince (15) días de anticipación a la fecha de la vista, excepto que por causa debidamente justificada, consignada en la notificación, sea necesario acortar dicho período, y deberá contener la siguiente información:
(a) Fecha, hora y lugar en que se celebrará la vista, así como su naturaleza y propósito.
(b) Advertencia de que las partes podrán comparecer por derecho propio o asistidas de abogados incluyendo los casos de corporaciones y sociedades.
(c) Cita de la disposición legal o reglamentaria que autoriza la celebración de la vista.
(d) Referencia a las disposiciones legales o reglamentarias presuntamente infringidas, si se imputa una infracción a las mismas, y a los hechos constitutivos de tal infracción.
*988 (e) Apercibimiento de las medidas que la agencia podrá tomar si una parte no comparece a la vista.
(f) Advertencia de que la vista no podrá ser suspendida.”
3 L.P.R.A. see. 2159. (Énfasis suplido)
En virtud de lo anterior, el Profesor Demetrio Fernández Quiñones afirma que “[e]l derecho a asistencia de abogado se reconoce en la notificación conforme al apartado (b) citado. Si se ejercita o no dependerá de la parte querellada por cuanto no existe obligación de proveerle tal representación legal por la agencia. Puede una persona natural o jurídica representarse en el procedimiento administrativo.” D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Colombia, Editorial Forum, 1993, sección 4.2. (Énfasis suplido)
B
El Tribunal Supremo de Puerto Rico ha reconocido que la buena fe al actuar aplica a toda actividad jurídica e impone a las partes un deber de lealtad recíproca. Velilla v. Pueblo Supermarkets, Inc., 111 D.P.R. 585, 587-588 (1981). Esto es lo que se conoce como la doctrina de actos propios.
La doctrina de actos propios establece, que una vez una parte ha asumido una conducta con la cual creó un estado de derecho que ganó la confianza de una tercera persona, quien descansa y actúa a base de ésta, se ve luego impedido de asumir una posición contradictoria a la que previamente había representado. Nuestro más Alto Foro ha declarado que los elementos constitutivos de la doctrina de los actos propios son los siguientes: (1) una conducta determinada de un sujeto; (2) que haya engendrado una situación contraria a la realidad, esto es, aparente y, mediante tal apariencia, susceptible de influir en la conducta de los demás; y, (3) que sea base de la confianza de otra parte que haya procedido de buena fe y que, por ello, haya obrado de una manera que le causaría perjuicio si su confianza quedara defraudada. Meléndez Piñero v. Levitt & Sons of P.R., 129 D.P.R. 521 (1991); Int. General Electric v. Concrete Builders, 104 D.P.R 871 (1976).
Según el profesor Godreau, el Tribunal Supremo amplió el ámbito de la doctrina de actos propios para constituirla en una verdadera fuente autónoma de las obligaciones. Godreau, Michel J., Lealtad y Buena Fe Contractual, 58 Rev. Jur. U.P.R. 367, 388 (1989). Lo que la doctrina impide es que se pretenda defraudar la confianza generada por la apariencia de nuestros actos. Id. a la pág. 390.
C
En torno a la figura jurídica de la rebeldía, nuestro Tribunal Supremo ha declarado que este remedio opera en dos situaciones, a saber: cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o en las situaciones en que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción. Ocasio v. Kelly Servs., 163 D.P.R. 653, 670 (2005); Álamo v. Supermercado Grande, Inc., 158 D.P.R. 93, 100 (2002).
Ahora bien, el propósito de la rebeldía no es ofrecerle la ventaja a la parte demandante de obtener una sentencia sin la celebración de una vista en sus méritos, sino que se trata de normas procesales que promueven la buena administración de los tribunales estimulando el buen diligencíamíento de los casos. Por esta razón, el Tribunal Supremo de Puerto Rico ha expresado reiteradamente que existe una política pública judicial de que los casos se vean en sus méritos. Ghigliotti v. A.S.A., 149 D.P.R. 902, 915 (1999); J.R.T. v. Missy Manufacturing Corp., 99 D.P.R. 805, 811 (1971). Además, su propósito es disuadir a aquellos que recurran a la dilación de los procedimientos como parte de su estrategia de litigación. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Ed. Luiggi Abraham, Publicaciones JTS, 2000, T. II, pág. 750; Ocasio v. Kelly Servs., supra, a las págs. 670-671.
*989 El Tribunal Supremo ha identificado como requisitos esenciales para que los tribunales ejerzan su discreción al levantar una anotación de rebeldía o al relevar de una sentencia en rebeldía, los siguientes: (a) la existencia de una buena defensa en los méritos; (b) que la reapertura del caso no ocasione perjuicios; y (c) que las circunstancias del caso no revelen un ánimo contumaz o temerario de la parte a quien le fue anotada la rebeldía. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 291-292 (1988); Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 506-507 (1982).
ni
Por estar íntimamente relacionados, discutiremos los señalamientos de error conjuntamente.
Una lectura atenta de la sección 3.9 de la L.P.A.U. revela que O.M.A. se equivocó en la interpretación y aplicación de la misma. Así pues, la sección 3.9, supra, expresamente faculta a una parte, sea esta persona natural o jurídica, a comparecer por derecho propio o asistida por abogado en un procedimiento administrativo de naturaleza cuasi-judicial. Es una elección de la parte. Por lo tanto, en el procedimiento impugnado, ManguaLs Office podía comparecer, como lo hizo, mediante su representante autorizado el señor Femando García, tanto en la contestación a la querella como en la vista administrativa.
Sobre el particular es pertinente recordar que estamos ante una conclusión de derecho de una agencia administrativa la cual es revisable en todos sus aspectos. Marina Costa Azul v. Comisión, supra. También es significativo destacar que cuando la ley es clara, libre de toda ambigüedad, no debemos menospreciar su letra bajo el pretexto de descubrir su espíritu. Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14.
La interpretación de O.M.A., en contravención con la letra clara de la ley, que resultó en la anotación de rebeldía a ManguaLs Office, constituye una violación de importantes derechos constitucionales del recurrente, tales como el derecho a presentar evidencia, a la concesión de vista previa, a ser oído, a confrontarse con los testigos y a presentar prueba oral y escrita a su favor. Dicho error, de tan graves consecuencias para el recurrente, amerita nuestra intervención revisora. Ramírez Ferrer v. Policía de Puerto Rico, supra; Magriz Rodríguez v. Empresas Nativas, Inc. y otros, supra.
Por otro lado, no nos cabe duda que O.M.A. infringió la doctrina de los actos propios. Veamos. Al notificar la vista administrativa, la recurrida creó un estado de derecho en el cual le representó a ManguaLs Office que podía comparecer al procedimiento administrativo por derecho propio, es decir, sin representación de abogado. Amparado en dicha representación, el recurrente compareció, a través de su representante, autorizado tanto en la contestación de la querella como en la vista administrativa. Ahora, dos años después de haber comparecido, O. M.A. no puede asumir una posición contradictoria y dejar sin efecto la comparecencia del recurrente y más aún imponerle la onerosa sanción de anotarle la rebeldía. Dicha conducta contradictoria no tiene espacio en nuestro ordenamiento jurídico.
Tampoco procede anotar la rebeldía a ManguaLs Office, ya que no se cumplen los requisitos que establece el Tribunal Supremo de Puerto Rico para la aplicación de dicha figura.
En primer lugar, el recurrente compareció oportunamente al procedimiento administrativo. Esto es así, ya que ManguaLs Office contestó la querella dentro del término concedido y compareció a la vista administrativa en donde presentó prueba testifical y documental. Dicha conducta revela una conducta diligente y responsable distante del ánimo contumaz o temerario que penaliza nuestro ordenamiento con la sanción de rebeldía.
En segundo lugar, ManguaLs Office tiene buena defensa en los méritos. Debemos recordar, que luego de efectuar una investigación en la etapa inicial del procedimiento administrativo, el Departamento del Trabajo recomendó archivar la querella de referencia. Además, obran en el expediente de autos tres declaraciones juradas que controvierten inequivocamente la alegación de O.M.A. del que el despido del señor Alvarez fue *990 injustificado. [9]
Finalmente, la reapertura' no ocasiona perjuicio alguno a O.M.A. Es pertinente destacar que en el caso de autos ya se celebró la vista administrativa y en la misma, ambas partes presentaron prueba testifical y documental. Por ende, sólo resta que la recurrida emita la resolución y orden correspondientes que corresponda y que se continúe con los trámites administrativos.
IV
Por los fundamentos antes expuestos, se revoca la Resolución impugnada y se ordena a O.M.A., para que de conformidad a la prueba presentada en la vista administrativa celebrada el 4 de agosto de 2008, emita la Resolución y Orden correspondiente, y de este modo continúen los trámites ordinarios del procedimiento administrativo.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
’ ESCOLIOS 2010 DTA 43

. Véase, apéndice del recurrente a la pág. 6.

. Apéndice del recurrente a las págs. 6-8.

. Id. a las págs. 10-11.

. Id. a la pág. 13.

. Id. a las págs. 15-25.

. Id. a las págs. 26-27.

. Id. a la pág. 59.

. Id. a las págs. 85-86.

. Los declarantes afirman, en esencia, que el contrato entre Mangual's Office y la Oficina Gubernamental para la cual trabajaba el señor Alvarez había terminado, pero que el recurrente le ofreció al recurrido la reubicación en el empleo, pero éste no denegó la oferta.