ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| CARLOS MANUEL ARIZMENDI<br><br>Parte Peticionaria<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA Y OTROS<br><br>Parte Recurrida | KLAN202500092 | *Apelación acogida como certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2024CV00557<br><br>Sala: 306<br><br>Sobre:<br>Revisión Administrativa de denegación de Licencia de Armas (Ley Núm. 168-2019) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2025.

Compareció ante este Tribunal la parte peticionaria, Carlos M. Arizmendi Rodríguez (en adelante, "el señor Arizmendi Rodríguez" o el "Peticionario"), mediante un mal denominado recurso de apelación presentado el 6 de febrero de 2025, el cual acogimos como un auto de *certiorari* mediante dictamen emitido el 11 de febrero de 2025. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "el TPI"), el 20 de diciembre de 2024, notificada y archivada en autos el 22 del mismo mes y año. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" interpuesta por el Peticionario, la cual fue declarada "No Ha Lugar" el 8 de enero de 2025.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la *Resolución* recurrida.

**I.**

El caso ante nuestra consideración inició el 14 de junio de 2024, con la presentación de una "**Demanda al Amparo del Art. 2.02 (d) (4) de la Ley de Armas**" (en adelante, la "Demanda") por parte del señor Arizmendi Rodríguez en contra del Negociado de la Policía de Puerto Rico (en adelante, el

"Negociado") y el Estado Libre Asociado de Puerto Rico (en adelante, "ELA") sobre revisión administrativa de denegación de licencia de armas. Mediante la misma, expresó que el 6 de octubre de 2023 presentó ante el Negociado una solicitud de licencia de armas, en virtud de la Ley Núm. 168-2019, *infra*. Manifestó que el 16 de abril de 2024 recibió una comunicación fechada el 30 de noviembre de 2023, en la que se le informó la denegación de dicha solicitud. Expuso que, el 1 de mayo de 2024 le solicitó al Negociado la reconsideración de la referida petición, sin embargo, dicho organismo no se expresó ni tomó determinación alguna dentro del plazo dispuesto en el Artículo 2.02 (d) (4) de la Ley Núm. 168-2019, *infra*.

Asimismo, afirmó que no existe ninguna disposición legal que le impida obtener una licencia de armas, dado que posee un historial de antecedentes penales limpio y cumple con los requisitos dispuestos en el Artículo 2.02 (d) (4) de la Ley Núm. 168-2019, *infra*, como en la legislación federal. Mencionó que ha poseído armas en Estados Unidos, por lo que ha superado la verificación de antecedentes penales del *Federal Bureau of Investigations* (en adelante, "FBI") y en la actualidad, cuenta con un permiso para portar armas en el estado de Massachussetts. Arguyó que la misiva remitida por el Negociado no cumplía con los requisitos de una notificación adecuada, puesto que no precisaba cuál de los requisitos de la ley no había cumplido. Agregó que, en caso de que existan convicciones registradas en el sistema, éstas debieron haber sido eliminadas, según ordenadas por el Tribunal de Primera Instancia, Sala Superior de Carolina. En vista de lo anterior, le peticionó al foro primario que revisara la denegación de la licencia de armas solicitada y ordenara la expedición de la misma.

Posteriormente, el 10 de octubre de 2024 el Departamento de Justicia, en representación del ELA y del Negociado, presentó una "**Moción de Desestimación**" en la que argumentó que procedía la desestimación de la controversia, toda vez que el Peticionario no cumplía con el requisito de no haber sido condenado por un delito grave, conforme a lo dispuesto en el Artículo 2.09 de la Ley Núm. 168-2019, *infra*. Igualmente, enfatizó que la

evaluación de una solicitud de licencia de armas no se limita únicamente a la posesión de un certificado negativo de antecedentes penales, sino que el Negociado tiene la facultad de llevar a cabo una investigación y determinar si corresponde conceder o denegar la solicitud. Por último, alegó que el señor Aizmendi Rodríguez no presentó evidencia suficiente para impugnar la presunción de corrección que le cobija a la denegatoria emitida por el Negociado. En sintonía con lo anterior, le solicitó al TPI que declarara "Ha Lugar" la "**Moción de Desestimación**".

Más adelante, el Peticionario presentó un "**Escrito en Réplica a Moción de Desestimación y en Solicitud de Orden**" (en adelante, "Oposición") mediante el cual reiteró las alegaciones planteadas en su *Demanda*, y sostuvo que el proceso para solicitar licencias de armas ante el Negociado vulnera el debido proceso de ley, ya que no permite la celebración de una vista, el acceso a la prueba utilizada en su contra, contrainterrogar testigos ni la presentación de prueba a su favor. Del mismo modo, destacó que la Ley Núm. 143-2014, *infra*, dispone para la eliminación de cualquier dato relativo a convicciones, incluyendo memorias en computadoras del Sistema de Información de Justicia Criminal (en adelante, "SIJC"). Además, señaló que el Estado no puede conservar información sobre sus condenas, cuya eliminación ya ha sido ordenada por el Tribunal, y mucho menos puede hacer referencia a las mismas con el fin de denegar la licencia de armas.

Finalmente, el 20 de diciembre de 2024, el TPI emitió una *Resolución* en la que declaró "Ha Lugar" la "**Moción de Desestimación**" fundamentándose en que, según los archivos digitales del SIJC, el señor Arizmendi Rodríguez no cumple con el requisito de no haber sido convicto de delito grave. Insatisfecho con esta decisión, el Peticionario presentó una "**Moción de Reconsideración**", la cual fue declarada "No Ha Lugar" el 8 de enero de 2025.

Aún inconforme, el 6 de febrero de 2025, el señor Arizmendi Rodríguez presentó el recurso que nos ocupa y le imputó al foro de instancia la comisión de los siguientes errores:

**Erró el TPI al desestimar la demanda y considerar convicciones previas del apelante, cuando este eliminó las mismas conforme a derecho.**

**Erró el TPI al desestimar la demanda y considerar convicciones previas del apelante, bajo el fundamento de que las mismas pueden surgir de la investigación en archivos digitales**.

El 27 de febrero de 2025, el Negociado compareció mediante escrito intitulado "**Alegato**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio**; y (6) la falta de una parte indispensable. 32 LPRA Ap. V., R. 10.2; Inmobiliaria Baleares, LLC v. Benabe González, 214 DPR ___ (2024), 2024 TSPR 112.

Al considerar una moción para desestimar una demanda por ésta dejar de exponer una reclamación que justifique la concesión de un remedio, debe ser evaluada de forma crítica. Íd., pág. 19.  Ello, puesto que el tribunal está obligado a tomar como ciertos los hechos bien alegados en la demanda. Hecha esta salvedad, el Tribunal interpretará las aseveraciones de la demanda en la forma más favorable para el demandante formulando en su favor todas las inferencias que puedan asistirle. Rivera Sanfeliz, *et al*. v. Jta. Dir. First Bank, 193 DPR 38, 49 (2015). De igual forma, nuestro más alto foro ha establecido que:

> [A] los fines de disponer de una moción de desestimación, estamos obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada.  Para prevalecer, el promovente de la moción tiene que demostrar que, aun así, la demanda no expone una reclamación que

justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessels PR v. Empire Gas PR, 137 DPR 497, 505 (1994).

Sobre este asunto, el Dr. José Cuevas Segarra expone que "[e]n la moción de desestima[ción] no se trata de poner en duda los hechos alegados en la demanda, sino atacarla por un vicio intrínseco, por ejemplo: insuficiencia, ausencia de parte indispensable, [o] falta de jurisdicción". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, Tomo I, 2000, pág. 275.

En fin, "la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación". Pressure Vessels PR. v. Empire Gas P.R., *supra*, pág. 505. Consecuentemente, se debe considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. El Día, Inc. v. Mun. de Guaynabo, 187 DPR 811, 821 (2013); Consejo Titulares v. Gómez Estremera, 184 DPR 407, 423 (2012).

Relacionado con lo anterior, la jurisprudencia ha identificado casos que contienen elementos subjetivos, de intención, propósitos mentales o negligencia. A saber, "controversias en las que el factor credibilidad juega un papel esencial, si no decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo". Rosario Ortiz v. Nationwide Mutual Insurance Co., 158 DPR 775, 780-81 (2003). A esos efectos, "la privación a un litigante de su 'día en corte' es una medida procedente sólo en casos extremos y que debe usarse solamente en casos claros. Íd*.,* pág. 780.

**B.**

La Ley Núm. 168-2019, según enmendada, mejor conocida como la "Ley de Armas de Puerto Rico de 2020" (en adelante, "Ley Núm. 168-2019") fue promulgada con el fin ulterior de establecer un marco normativo en

armonía con la Segunda Enmienda de la Constitución de Estados Unidos y la jurisprudencia Tribunal Supremo federal. En virtud de ello, se reconoce de manera expresa que "en Puerto Rico el portar y poseer armas de fuego es un derecho fundamental, e individual, al igual que en el resto de la Nación". Exposición de Motivos de la Ley Núm. 168-2019, *supra*.

En lo concerniente a la controversia ante nos, el Artículo 2.02 de la referida ley dispone que se expedirán licencias de armas a los peticionarios que cumplan con los siguientes requisitos:

> (1) Haber cumplido veintiún (21) años de edad; o haber cumplido dieciocho (18) años de edad y haber juramentado como integrante del Negociado de la Policía, Policía Municipal u Oficial de Custodia del Departamento de Corrección.
> **(2) Tener un expediente negativo de antecedentes penales y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero.**
> (3) No ser adicto a sustancias controladas o ebrio habitual.
> (4) No estar declarado incapaz mental por un Tribunal con jurisdicción.
> (5) No haber sido separado de manera deshonrosa de las fuerzas armadas, de alguna agencia del orden público o por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, o por el uso indebido de su arma de fuego.
> (6) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno constituido.
> (7) No estar bajo una orden del tribunal, o haber estado en cualquier momento durante los pasados doce meses previos a la fecha de solicitud, que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, algún familiar de este o a persona alguna.
> (8) Ser ciudadano o residente legal de Estados Unidos de América.
> (9) No ser persona impedida por el "Federal Gun Control Act of 1968" a recibir, transportar o enviar armas de fuego o municiones. 25 LPRA sec. 462a (énfasis suplido).

Por su parte, dicho estatuto dispone que el Estado puede negar la expedición de licencias de armas en los siguientes casos:

> **La Oficina de Licencias de Armas no expedirá licencia de armas, o de haberse expedido se revocará, la licencia de armas de cualquier persona que haya sido convicta, en Puerto Rico, en cualquier otra jurisdicción estadounidense de cualquier delito grave o su tentativa, por delito menos grave que conlleve violencia,** por conducta constitutiva de violencia doméstica, según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, o conducta constitutiva de acecho, según tipificada en la Ley 284-1999, según

enmendada, ni por conducta constitutiva de maltrato de menores, según tipificada en la Ley 246-2011, según enmendada, "Ley para la Seguridad, Bienestar y Protección de Menores" [Nota: derogada y sustituida por la Ley 57-2023]. […] 25 LPRA sec. 462h (énfasis suplido).

### C.

La Ley Núm. 143-2014, según enmendada, mejor conocida como "Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal (en adelante, "Ley Núm. 143-2014"), fue aprobada con el propósito fundamental de implementar un sistema tecnológico y un procedimiento uniforme que garantice el intercambio efectivo de información entre las entidades gubernamentales del Gobierno de Puerto Rico vinculadas a la seguridad pública del país, así como aquellas que se encuentran estrechamente relacionadas, a fin de maximizar el funcionamiento del SIJC. 4 LPRA sec. 522 nota. En esencia, pretende asegurar a la ciudadanía que las agencias gubernamentales responsables de combatir la criminalidad cumplen su función de la manera más eficiente posible. Íd.

La mencionada pieza legislativa dispone que corresponde al Departamento de Justicia, al Negociado de Policía de Puerto Rico, al Departamento de Corrección y Rehabilitación y al Poder Judicial, y a los demás componentes de la Junta Ejecutiva del SIJC, a asegurarse que el sistema tecnológico y procedimiento uniforme provea la siguiente información de naturaleza criminal, tanto de delitos graves como menos graves, entre otras:

a. Denuncias
b. Órdenes de Arresto
c. Requisitorias y Contrarequisitorias
d. Determinaciones de causa en todas las etapas del procedimiento criminal, incluyendo vista de determinación de causa para arresto y vista preliminar
e. **Sentencias**
f. Minutas de vista de seguimiento en las probatorias
g. Órdenes de Protección vigentes h. Fugas de las instituciones carcelarias del país i. Determinaciones de Causa en alzada
j. Desacatos
k. Determinaciones sobre improcesabilidad y/o inimputabilidad al amparo de las Reglas 240 y 241 de las de Procedimiento Criminal
l. Revocaciones de Probatoria

m. Órdenes de allanamiento expedidas al amparo de las Reglas 229 a la 233 de las de Procedimiento Criminal

n. Datos de todas las personas que se encuentran bajo la supervisión de la Oficina con Antelación al Juicio

o. Datos o características de identificación física, tales como: fotos, cicatrices, tatuajes, marcas, etc., de toda aquella persona que sea imputada y/o convicta de delito y la información de su proceso penal esté almacenada en SIJC

p. Información de contacto o ubicación, tal como las últimas tres direcciones conocidas, de los convictos de delito, y de toda aquella persona que represente un riesgo para la seguridad sea imputada y/o convicta de delito y la información de su proceso penal esté almacenada en SIJC

q. Toda la información contenida en el Registro de Ofensores Sexuales. 4 LPRA sec. 533e (énfasis suplido).

En cuanto a los datos registrados en el sistema de información, establece lo siguiente:

[…]

El Comité tomará todas las medidas necesarias para asegurar al máximo posible la seguridad y corrección de toda aquella información que sea recopilada a través del Sistema y para la protección individual de los derechos de privacidad de acuerdo con los principios constitucionales del Estado Libre Asociado. Además, tomará todas las medidas necesarias para asegurarse que no se tendrá en el Sistema de Información de Justicia Criminal dato alguno relativo a la afiliación o actividad política de persona alguna. **Asimismo, tomará todas las medidas necesarias para asegurarse de que todo dato relativo a convicciones cuya eliminación del r[é]cord penal de una persona haya sido ordenado por un Tribunal competente sea efectiva y totalmente eliminada del Sistema de Información de Justicia Criminal, incluyendo pero sin que esto se entienda como una limitación, las memorias de cualesquiera computadoras utilizadas por el Sistema**. 4 LPRA sec. 533e (énfasis suplido).

En otras palabras, la Ley Núm. 143-2014, *supra*, implementa un sistema uniformado que facilita el intercambio eficiente de información entre las agencias gubernamentales de Puerto Rico relacionadas con la seguridad pública y les impone la obligación de divulgar cualquier dato relativo a condenas por delitos, ya sean graves o menos graves, incluyendo las determinaciones de causa en todas las etapas del procedimiento criminal y las correspondientes sentencias. No obstante lo anterior, el Comité está obligado a tomar todas las medidas necesarias para garantizar que cualquier información sobre condenas, cuya eliminación haya sido ordenada por un tribunal competente, sea completamente eliminada del SIJC.

**D.**

La Ley Núm. 254 de 27 de julio de 1974, según enmendada, conocida como la "Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales", se aprobó con el fin ulterior de reconocerle una serie de facultades a la Policía de Puerto Rico, hoy Negociado de la Policía, para emitir certificaciones de antecedentes penales y establecer la reglamentación pertinente para dicho proceso. *Véase*, Exposición de Motivos de la Ley Núm. 254, *supra*.

En lo pertinente a lo resuelto por el Tribunal Supremo de Puerto Rico en cuanto a la aplicabilidad de dicho estatuto, se ha establecido que los efectos de dicha pieza legislativa van más allá del ámbito civil y que "[c]arecería de propósito que el legislador autorizara [la] eliminación [de los antecedentes penales] y su certificación negativa si todavía pudieran utilizarse por los tribunales". Muñoz, Torres v. Superintendente Policía, 125 DPR 603, 606 (1990). De esta forma, la Ley Núm. 254, *supra*, consagra la filosofía moderna de rehabilitación. Íd. "Como consecuencia de ese trámite, los tribunales no pueden tomar en consideración las convicciones así borradas. **No puede darse la anomalía de que mientras de un lado el Superintendente de la Policía certifica negativamente, por otro lado [,] el tribunal acuda a sus archivos para resucitar esas convicciones**". Íd. (énfasis suplido).

**III.**

En el presente caso, el señor Arizmendi Rodríguez nos solicitó la revocación de la *Resolución* emitida por el TPI, en la que se declaró "Ha Lugar" la "**Moción de Desestimación**" interpuesta por el Departamento de Justicia en representación del Negociado.

Los señalamientos de error esgrimidos se encuentran íntimamente relacionados, por lo que se abordarán de manera conjunta en la discusión. En síntesis, el Peticionario plantea que el TPI erró al desestimar la "**Demanda**" y considerar sus convicciones previas bajo el fundamento de que las mismas

pueden surgir de la investigación en archivos digitales. Le asiste la razón. Veamos.

Surge del expediente ante nuestra consideración que el 18 de marzo de 1999 el señor Arizmendi Rodríguez se declaró culpable por infringir los Artículos 5 y 8 de la entonces vigente Ley Núm. 404-200, según enmendada, mejor conocida como la "Ley de Armas de Puerto Rico" [derogada]. Luego de cumplir su pena, el Peticionario le solicitó al Tribunal la eliminación de sus antecedentes penales, petición que fue acogida y así se ordenó la eliminación de los mismos. Más adelante, el 6 de octubre de 2023, el señor Arizmendi Rodríguez le solicitó al Negociado una licencia de armas, en virtud de la Ley Núm. 168-2019, *supra.* Dicha solicitud fue denegada. Posteriormente, el Peticionario acudió ante el TPI, quien desestimó la causa de acción bajo el fundamento de que no cumplía con el requisito de no haber sido condenado por un delito grave y/o poseer historial delictivo.

Conforme hemos reseñado en los acápites anteriores, la Ley Núm. 143-2014, *supra*, establece que las agencias administrativas relacionadas a la seguridad pública deben compartir toda la información de naturaleza criminal que tengan disponible, tanto de delitos graves como menos graves. 25 LPRA sec. 462a. Sin embargo, dicha ley obliga al Comité a tomar las medidas necesarias para asegurarse de que todo dato relacionado a convicciones, cuya eliminación del récord penal haya sido ordenado por un tribunal competente sea totalmente eliminado del SIJC, incluyendo, pero limitado a las memorias de cualquier computadora utilizada por el sistema. 4 LPRA sec. 533e.

Tras un análisis minucioso del expediente ante nuestra consideración, incluyendo la "**Demanda**", la "**Moción de Desestimación**" y su correspondiente *Oposición*, hemos arribado a la conclusión de que no procedía la desestimación de la causa de acción interpuesta por el Peticionario. Esto se debe a que el mandato legislativo al Comité es claro, preciso e indiscutible: **deberá adoptar todas las medidas necesarias para asegurar la eliminación total del SIJC de toda información sobre**

**convicciones, ordenada por un Tribunal, incluyendo las memorias de sus computadoras**.

Según lo expresado por nuestro máximo foro, "las convicciones serán eliminadas de todo registro y de toda inscripción, constancia o referencia que exista bajo la custodia de los funcionarios antes indicados, quedando prohibido aludirlas o certificarlas directa o indirectamente. De ese modo, logra plena virtualidad la filosofía consagrada en la ley –congruente con un enfoque moderno de rehabilitación— de que el peticionario nunca fue acusado ni convicto del delito". Pueblo v. Ortiz Martínez, 123 DPR 820, 831 (1942). A nuestro juicio, lo anterior implica que, una vez concluido el trámite de eliminación de antecedentes penales conforme a derecho, dicha información carece de efectos jurídicos.

En el presente caso, el señor Arizmendi Rodríguez cumplió cabalmente con el procedimiento para solicitar la expedición de una licencia de armas, incluyendo la presentación de un certificado de antecedentes penales negativo. El hecho de que la información sobre sus convicciones pasadas aún figure en los datos digitales del SIJC por circunstancias fuera de su control, no puede constituir un motivo válido para denegar su petición ni para penalizarlo por ello. Cualquier determinación adversa basada en dicha información iría no sólo en contra de los principios que rigen nuestro ordenamiento y que han sido reconocidos por nuestro Tribunal Supremo, sino que sería la utilización de una data que por mandato legislativo no puede estar presente en los récords de las agencias del orden público y equivaldría a anteponer un error administrativo sobre el derecho constitucional del Peticionario de tener armas. De igual manera, y utilizando como punto de partida la interpretación otorgada por el máximo foro judicial estatal, dicha interpretación estaría en contra de los principios básicos de rehabilitación que se promueve en nuestro acervo legal.

Por consiguiente, consideramos que, al no existir impedimentos legales, el Peticionario no debe ser penalizado como resultado de la inacción de la Comisión de eliminar los antecedentes penales de los archivos de la

SICJ. Resolver lo contrario equivaldría a imponer una pena adicional a quien ya ha cumplido íntegramente con su condena. Además, constituiría un contrasentido que el legislador autorice la eliminación de los antecedentes penales del señor Arizmendi Rodríguez pero que estos puedan ser utilizados como fundamento para denegar la expedición de una licencia de armas. Recuérdese que "los tribunales no pueden tomar en consideración las convicciones así borradas. **No puede darse la anomalía de que mientras de un lado el Superintendente de la Policía certifica negativamente, por otro lado [,] el tribunal acuda a sus archivos para resucitar esas convicciones**". Muñoz, Torres v. Superintendente Policía, *supra*, pág. 606.

Por último, en el supuesto de que las convicciones del Peticionario aparezcan en el sistema por un error, ello carece de efecto jurídico, ya que un error administrativo no establece un estado de derecho vinculante para un cuerpo administrativo ni impide su rectificación. Magriz v. Empresas Nativas, 143 DPR 63, 71 (1997). En este sentido, permitir que un error de esta índole menoscabe derechos constitucionales fundamentales resultaría incompatible con la búsqueda de la justicia. De esta manera, anteponemos el derecho constitucional del Peticionario a poseer armas, así como su derecho a rehabilitarse sobre un aparente error administrativo del Comité del SIJC. Por tales razones, se cometieron los errores señalados y procede revocar la *Resolución* recurrida.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *expedimos* el auto de *certiorari* y *revocamos* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones